UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:20-CR-63-HAB |
| ) | |
| YANCIE O. HUNTER ) | |

**OPINION AND ORDER**

Defendant was arrested on October 6, 2020, on a single count of being a felon in possession of a firearm. He was ordered detained pending trial by Magistrate Judge Regina Edwards of the United States District Court for the Western District of Kentucky, the district in which he was arrested. Defendant now moves this Court to release him from pre-trial detention due to the conditions of his confinement. (ECF No. 9).

Title 18 U.S.C. § 3145(b) permits a defendant to file a motion seeking review or revocation of a detention order when the defendant has been "ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court [.]" Section 3145(b) does not require that new evidence or information be available before a detention order can be reconsidered and revoked, *id*., and "[t]he standard of review for the district court's review of a magistrate judge's detention . . . order . . . is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992); *see also United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985); *United States v. Sallay*, 2011 WL 1344288 at *4 (N.D. Ind. April 8, 2011); *United States v. Stephens*, 2007 WL 2164248 at *3 (N.D. Ind. July 25,

2007); *United States v. Boxley*, 2007 WL 79176 at * 1 (N.D. Ind. Jan.8, 2007); *United States v. McManus*, 2006 WL 3833314 at *1 (N.D. Ind. Dec.5, 2006).

While the Court does not endorse the conduct alleged in Defendant's motion, it nonetheless concludes that the motion raises no issues upon which pre-trial release could be based. When considering whether a defendant will be released pre-trial, courts consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). None of these considerations are impacted by the conditions under which Defendant is held.

At most, Defendant's allegations may state a claim for a violation of his civil rights. Accordingly, the Clerk is DIRECTED to send Defendant a Complaint for Violation of Civil Rights (Prisoner Complaint) form for his use. Defendant's request for appointment of counsel, also contained in ECF No. 9, appears to be directed to this potential civil case, and therefore will not be considered here.

For the foregoing reasons, Defendant's Motion for Release (ECF No. 9) is DENIED.

SO ORDERED on November 2, 2020.

                                              s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT