UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:20-CR-63-HAB |
| ) | |
| YANCIE O. HUNTER ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's request for the creation of a pre-plea presentence investigation report. (ECF No. 44). The Government objects on multiple grounds, generally asserting that the preparation of a presentence investigation report at this time would prejudice the prosecution. The Court finds that Defendant has provided no good reason for the Court to deviate from its normal procedures and will deny Defendant's request.

Federal Rule of Criminal Procedure 32 sets out sentencing procedures including the preparation and disclosure of presentence investigation reports. With respect to timing, the Rule provides, "[u]nless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty." Fed. R. Crim. P. 32(e)(1). The Rule does not prohibit the creation of a presentence investigation report before a plea has been entered, but it does provide that the report should not be submitted to the court, or disclosed to anyone, until a plea or a finding of guilty has been made. *Stevens v. United States*, 227 F.2d 483, 485 (10th Cir. 1955). Absent waiver by the defendant, disclosure of the report prior to plea or trial "constitutes error of the clearest kind." *Gregg v. United States*, 394 U.S. 489, 492 (1969).

The Court assumes that, having requested the presentence investigation report, counsel could obtain his client's written consent. That said, the Court sees no reason to risk the potential

error. As the Government points out, there are any number of issues created by a premature report, including: Fifth Amendment issues during Defendant's interview; the potential for changes to the Guidelines calculation between now and a future plea; and premature disclosure of evidence and argument by the Government.

The Court also questions the utility of an early presentence investigation report. Defendant is essentially asking whether he will be sentenced as an armed career criminal under 18 U.S.C. § 924(e). A presentence report would give him an answer but, as the Government notes, it would be subject to objection by the parties and review by the Court. In short, it would reflect only the probation officer's opinion. It would certainly be an informed opinion, but so too would be the opinions of counsel, two of the most experienced and competent criminal litigators in the district. Short of conducting a full sentencing process in advance of a plea, something the Court will not do, a presentence report is unlikely to provide Defendant with any information his counsel cannot provide.

For the foregoing reasons, Defendant's request for an early presentence investigation report (ECF No. 44) is DENIED. If Defendant pleads guilty or is found guilty by a factfinder, a presentence investigation report will be prepared at that time.

SO ORDERED on October 27, 2021.

       s/ Holly A. Brady
       JUDGE HOLLY A. BRADY
       UNITED STATES DISTRICT COURT